UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE L, § § § Plaintiff, § § v. § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | Case # 1:21-cv-617-DB  MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiff Stephanie L. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 12).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 10. Plaintiff also filed a reply. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 8) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 10) is **GRANTED**.

## BACKGROUND

On March 24, 2015, Plaintiff protectively filed an application for SSI under Title XVI of the Act, alleging disability beginning March 1, 2014 (the disability onset date), due to a variety of mental and physical impairments. Transcript ("Tr.") Tr. 213-18, 234, 587. The claim was denied initially on June 26, 2015 (Tr. 108-17), after which Plaintiff requested a hearing (Tr. 125-27). On September 26, 2017, Administrative Law Judge Melissa Lin Jones ("ALJ Jones") conducted a

hearing in Buffalo, New York, at which Plaintiff appeared and testified and was represented by Jeanne Murray. an attorney. Tr. 15. Christina Boardman, an impartial vocational expert, also appeared and testified at the hearing. *Id*.

On October 19, 2017, ALJ Jones issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 15-30. On October 2, 2018, the Appeals Council denied Plaintiff's request for further review (Tr. 1-6), making the October 19, 2017 decision rendered by ALJ Jones the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

Thereafter, Plaintiff timely filed a complaint in the United States District Court for the Western District of New York. *See* Tr. 684-722. On November 19, 2019, Plaintiff obtained a judgment remanding the case for further proceedings. Tr. 725. On December 4, 2019, the Appeals Council issued an order remanding the case for a new hearing and decision.[1] Tr. 728-30. On August 21, 2020, Administrative Law Judge William Weir ("the ALJ") held a telephonic hearing,[2] at which Plaintiff appeared and testified. Tr. 587. Plaintiff was represented by Alexander Kyler, an attorney. Tr. 623. On October 14, 2020, the ALJ issued vocational interrogatories to Linda Dezack ("Ms. Dezack") (Tr. 892-96), to which Ms. Dezack responded on October 22, 2020 (Tr. 898-901). Shortly thereafter, Ms. Dezack responded to additional vocational interrogatories posed by Plaintiff's attorney. Tr. 905-10.

---

[1] Pursuant to this Court's remand order, the Appeals Council directed the ALJ to consider the mental source statement of a physician assistant, which was incorrectly identified as being made by Dr. Slater; give consideration to Dr. Slater's medical opinions; request Dr. Slater to provide additional evidence and/or further clarification of his opinions (if appropriate); give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; and give further consideration to whether Plaintiff has past relevant work and, if so, whether she can perform it. Tr. 729. If warranted, the ALJ was further directed to obtain vocational expert evidence to assist in evaluating whether Plaintiff can perform past relevant work; identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p); offer Plaintiff the opportunity for a hearing; address the evidence that was submitted; and take any further action needed to complete the administrative record and issue a new decision. Tr. 729-30.

[2] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 457.

On February 1, 2021, the ALJ issued a second unfavorable decision, again finding that Plaintiff was not disabled. Tr. 587-617. After 60 days, the ALJ's February 1, 2021 decision became the final decision of the Commissioner, and Plaintiff subsequently commenced this action.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational

requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

### ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his February 1, 2021 decision:

1. The claimant has not engaged in substantial gainful activity since January 30, 2015, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has lumbosacral radiculopathy and obesity, each of which constitutes a severe impairment (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 416, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)[3] except she can occasionally stoop, kneel, crouch, crawl, or use ramps or stairs. The claimant cannot use ladders, ropes, or scaffolds. She cannot more than occasionally work above shoulder level.

5. The claimant is capable is capable of performing her past relevant work as a Collection Clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since January 30, 2015, the date the application was filed (20 CFR 416.920(f)).

Tr. 587-609.

Accordingly, the ALJ determined that, based on the application for supplemental security income protectively filed on January 30, 2015, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. Tr. 609.

## ANALYSIS

Plaintiff asserts a single point of error, arguing that the ALJ's physical RFC finding was not supported by substantial evidence. *See* ECF No. 8-1 at 11-17. Specifically, Plaintiff asserts that the ALJ relied on bare medical findings; did not appropriately weigh the opinion evidence, particularly from Michael Slater, D.O. ("Dr. Slater"); and should have recontacted Dr. Slater for additional clarification. *See id*.

In response, the Commissioner argues that substantial evidence. including the treatment record, Plaintiff's activities, and the consultative opinions from Donna Miller, D.O. ("Dr. Miller"),

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

and Nikita Dave, M.D. ("Dr. Dave"), support the ALJ's finding that Plaintiff was capable of performing light work with the noted exceptions. *See* ECF No. 10-1 at 7-12. Further, argues the Commissioner, Plaintiff has failed to produce evidence showing that she had a more restrictive physical RFC than the ALJ assessed, as was her burden. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ properly considered the medical opinion evidence and the other evidence of record, and the ALJ's finding that Plaintiff was capable of performing light work with certain limitations was supported by substantial evidence. Accordingly, the Court finds no error.

Plaintiff asserts that the ALJ's physical RFC finding was not based on substantial evidence, but, notably, she does not argue that the ALJ failed to follow the remand order. *See generally* ECF No. 8-1. A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996).[4] At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-

---

[4] The Court notes that new regulations regarding the evaluation of medical evidence took effect on March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The revisions include redefining several key terms related to evidence, revising the rules about acceptable medical sources and how the ALJ considers and articulates his consideration of medical opinions and prior administrative medical findings. See 20 C.F.R. § 416.920c (2017). Because Plaintiff's application was filed on January 30, 2015, the previous regulations are applicable to her claim.

5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole);

7

*Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.).

Furthermore, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Contrary to Plaintiff's argument, the ALJ properly considered Dr. Slater's numerous opinions from 2016 through 2018 and properly afforded them little weight. Tr. 604-05, 410, 482, 1364, 1366, 1374, 1378, 1388, 1392. As the ALJ explained, these opinions—which ranged from opining that Plaintiff had no evidence of limitations, or only moderate limitations in physical abilities, to being very limited in numerous physical abilities—were inconsistent with one another. *See id*. In particular, the ALJ noted that there were little to no changes in Plaintiff's subjective complaints or objective findings during the period these opinions were issued. Tr. 605, 300-01, 404-06, 428-30, 923-24, 971-73, 974-75. The ALJ further explained that Dr. Slater did not provide support for his opinions, and they were consistent with the evidence of record, and with one another. Tr. 604-05. Thus, the ALJ properly considered the opinions under the regulations. *See* 20 C.F.R. § 416.927(c)(3)-(4).

Furthermore, Dr. Slater was invited to clarify his inconsistencies, but instead, he sent another medical source statement in October 2020 opining that Plaintiff could sit and stand/walk for about four hours in a workday, could rarely lift less than 10 pounds, and could be expected to

8

be absent more than four days per month. Tr. 605-06, 1502-06. The ALJ similarly afforded this opinion little weight, explaining that it was inconsistent the record, including Plaintiff's many essentially normal physical examinations and her noted activities throughout the relevant period. Tr. 606, 300-01, 404-06, 428-30, 923-24, 932, 971-73, 974-75. With respect to Dr. Slater's opinion regarding the likelihood that Plaintiff would be absent from work, the ALJ noted that Plaintiff worked about 20 hours per week from 2016 through 2020, and there was no indication of absences from work. Tr. 606, 932. Based on the foregoing, the ALJ appropriately considered and weighed Dr. Slater's opinions. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (The ALJ is not required to give controlling weight to a treating source's medical opinion unless the opinion was well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence of record.).

Furthermore, there is evidentiary gap in the record, as Plaintiff claims. *See* ECF. No. 10-1 at 15-17. The ALJ is under no duty to recontact a source where there are no obvious gaps in the record and where, as here, the available evidence is adequate to make a disability determination. *See Swiantek obo MLS v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir. 2015); *see also Schillo v. Kijakazi*, 31 F.4th 64, 76 (2d Cir. 2022) (noting that a "deficiency in reasoning by a treating physician is not the same as a gap in treatment records").

Finally, and importantly, the ALJ found that Plaintiff made numerous inconsistent statements in the record regarding her reasons for stopping work and failed to candidly disclose her work activity. Tr. 590-91, 597, 602. The ALJ also noted that Plaintiff testified that the reason she was not capable of working while receiving unemployment benefits in 2020 was because she had children at home who were not going to school. Tr. 602-03, 644. Plaintiff also stated her short-term goal was to maintain employment and her long-term goal was to have SSI approved. Tr. 603, 1375, 1383, 1389. Plaintiff also cared for four children during the relevant period. Tr. 602, 932.

As detailed above, substantial evidence in the record supports the ALJ's RFC finding. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. Feb. 15, 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). Plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which she has failed to do. The substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in the original). As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

Given Plaintiff's many inconsistent statements, as well as the ample medical evidence to support the ALJ's thorough and well-reasoned decision, the Court affirms in all respects.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE